UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
                              :
MEXICO CONSTRUCTION and       :
MARTIN MENDOZA,               :
     Plaintiffs,              :
                              :
v.                            :    Civil No. 3:11cv00223(AWT)
                              :
MELVIN THOMPSON               :
     Defendant.               :
                              :
------------------------------x

**ORDER REMANDING CASE**

    Defendant Thompson removed this case under 42 U.S.C. § 1443, alleging a violation of his rights "pursuant to the U.S. Constitution at amendments 1, 5, 7, 14, 42 U.S.C. at § 1983, § 1985(3) and § 1986." (Notice of Removal, 1 (Doc. No. 1).)[1] Title 28 U.S.C. § 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

---

[1] Thompson's constitutional claims are set forth in a separate case before this court: Thompson v. Susan C. Reeve et al.. See Compl., Thompson v. Reeve, Civ. No. 3:11-cv-0031 (D. Conn. 2011). Thompson argues that the violations of his constitutional rights he alleges in Thompson v. Reeve arise, inter alia, out of the facts of the present case, and thus he seeks to rely on the allegations in Reeve to show that removal was appropriate. For the purposes of this motion, the court has considered both the allegations in Reeve and his contentions in the present case.

-1-

> (1) Against any person who is denied or cannot enforce in the court of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

While Thompson does not specify under which subsection of the statute he is proceeding, he argues that removal in this case fits squarely within an exception recognized in State of Georgia v. Rachel, a case which deals solely with removal under § 1443(1). See 384 U.S. 780 (1966).

The Supreme Court has established that "a removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test."[2] Johnson v. Mississippi, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing specific civil rights stated in terms of racial equality.'" Id. (citing Rachel, 388 U.S. at 792). "Thus, . . . broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general

---

[2]Section 1446, which sets forth procedures for removal, was amended in 1991 to, inter alia, replace references to filing a "petition for" removal with filing "notice of" removal. Pub. L. No. 102-198, § 10, 105 Stat. 1623, 1626 (1991).

-2-

application available to all person or citizens . . . ." Rachel, 384 U.S. at 792.

"Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of the State.'" Johnson, 421 U.S. at 219. This provision normally requires that the "denial be manifest in a formal expression of state law," Rachel, 384 U.S. at 803, such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." Id. at 799.

As to the first part of the analysis, while Thompson has identified specific rights he believes were violated by the state proceedings in this case, he has not identified any "specific civil rights stated in terms of racial equality." Rachel, 384 U.S. at 792. Thompson alleges violations of his First, Fifth, Seventh, and Fourteenth Amendment rights. However, none of these rights speak in terms of racial equality. Indeed, the respondents in Rachel themselves made "broad contentions under the First Amendment and the Due Process Clause" which the Court found "cannot support a valid claim for removal under § 1443 because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands." Id.

Moreover, even if Thompson were proceeding under the equal protection clause of the Fourteenth Amendment, the Second Circuit has observed that "not every violation of the equal protection clause will justify removal, but only those violations involving discrimination based on race." Chestnut v. New York, 370 F.2d 1, 3-4 (2d Cir. 1966) (quoting Peacock v. City of Greenwood, Miss., 347 F.2d 679, 682 (5th Cir. 1965) (internal quotation marks omitted), rev'd on other grounds, 384 U.S. 808 (1966)). Thompson does not claim racial discrimination, but rather urges this court to expand the interpretation of § 1443 to allow removal for violations of civil rights beyond those protecting racial equality. However, such an interpretation would be contrary to the legislative history, statutory interpretation, and binding precedent guiding § 1443 analysis. See, e.g., Rachel, 384 U.S. 780 (discussing legislative and statutory history of § 1443); City of Greenwood, Miss. v. Peacock, 384 U.S. 806 (1966)). Thus, the defendant fails to satisfy the requirements with respect to the first part of the § 1443(1) analysis.

The second part of the analysis requires a showing that the defendant was "denied or cannot enforce" the specified federal rights "in the court of [the] State." 42 U.S.C. § 1443(1). Courts apply the Strauder-Rives doctrine for purposes of this analysis. See Rachel, 384 U.S. at 786 (discussing the doctrine which evolved from Strauder v. West Virginia, 100 U.S. 303

(1879), and Commonwealth of Virginia v. Rives, 100 U.S. 313 (1879)).  Under that doctrine, "[r]emoval is warranted only if it can be predicted by reference to a law of general application that a defendant will be denied or cannot enforce the specified federal rights in the state courts.  A state statute authorizing the denial affords an ample basis for such prediction."  Id. at 800.  Thompson has identified no "formal expression of state law" warranting removal here.  Id. at 803.

In Thompson v.Reeve, the state laws Thompson alleges the defendants were acting pursuant to are Conn. Gen. Stat. §§ 52-143 (governing subpoenas), 52-148e (governing deposition subpoenas), and 52-205 (governing joinder).  Nothing on the face of these statutes suggests that their enforcement will deny Thompson specified federal rights in the state courts.  While Thompson claims that these laws were applied in a discriminatory manner (albeit not because of his race), "[i]t [is] not sufficient merely to allege that a statute, fair on its face, [is] being administered in a discriminatory manner."  Chestnut, 370 F.2d at 5.  Thus, Thompson fails to satisfy the requirements with respect to the second part of § 1443(1) analysis as well.

Finally, Thompson points out that Rachel acknowledges that "removal might be justified, even in the absence of a discriminatory state enactment, if an equivalent basis could be shown for an equally firm prediction that the defendant would be

-5-

'denied or cannot enforce' the specified federal rights in the state court." 384 U.S. at 804. In Rachel, the Court noted "the narrow circumstances of [the] case." Id. No comparable "narrow circumstances" are present here. Rather, Thompson seeks to use this exception to provide as a basis for removal "all other circumstances that are civil in nature, that do not concern the 1964 Civil Rights Act and are not race driven." (Def.'s Mem. Supp. Obj. Pl.'s Mot. Remand, 10 (Doc. No. 9-1).) Such an argument is not only inconsistent with the holding and analysis in Rachel, but would create an exception which swallows the rule.

The defendant therefore has failed to justify removal to this court pursuant to 42 U.S.C. § 1443(1). The plaintiffs' Expedited Motion to Remand (Doc. No. 4) is hereby GRANTED. This case is hereby REMANDED to Connecticut Superior Court, Judicial District of Ansonia/Milford, at Milford (foreclosure docket).

It is so ordered.

Dated this 22nd day of July, 2011, at Hartford, Connecticut.

                                              /s/ AWT
                                      Alvin W. Thompson
                            United States District Judge